# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

BEVERLY ANN MOSS, )
)
    Plaintiff, )
)
v. ) No. 4:06-CV-1233 CAS
)
AMCO INSURANCE COMPANY, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This removed matter is before the Court on review of the file. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter, and the case must be remanded to state court.

**Background**.

Plaintiff Beverly Ann Moss originally filed suit in the Circuit Court for the City of St. Louis, State of Missouri. The petition alleges that plaintiff was injured in an automobile accident on September 7, 2004. After accepting a settlement for the $25,000 policy limit offered by the other driver's insurance company, plaintiff sought underinsured motor vehicle coverage under a policy of automobile insurance issued to her by defendant AMCO Insurance Company ("AMCO"). The complaint contains one count which asserts a claim for breach of the insurance contract and also a claim for statutory vexatious refusal to pay in accordance with the contract and for attorney's fees under Mo. Rev. Stat. § 375.420 (2000). The prayer for damages seeks judgment in the amount of $75,000.00 plus costs. Petition at 3.

AMCO removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In the Notice of Removal, AMCO asserts that "upon information and belief" the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Notice of Removal at 1. Defendant also states that plaintiff alleges she has incurred medical expenses in excess of $40,000.00 and is likely to sustain future expenses and losses in excess of $35,000.00. Id. at 2; see Petition at 2, ¶¶ 4-5.

**Legal Standard**.

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The burden of proving subject matter jurisdiction falls on the party desiring to proceed in federal court. VS Ltd. P'ship v. Department of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). As the removing party in a case based upon diversity of citizenship where the petition seeks an amount under the jurisdictional minimum, defendant has the burden of proving the jurisdictional amount by a preponderance of the evidence. In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

Federal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). Any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns

2

v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently, "uncertainties are resolved in favor of remand.")

**Discussion**.

As stated above, AMCO asserts that removal of this action is proper based on allegations in the body of the petition that plaintiff has incurred medical expenses in excess of $40,000.00 and is likely to sustain additional expenses in excess of $35,000.00. AMCO fails to acknowledge, however, that plaintiff limited her demand to exactly $75,000.00.

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction . . . ." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). For diversity jurisdiction to attach, the amount in controversy must exceed the value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a); see Larkin, 41 F.3d at 389 (holding under the former jurisdictional limit that diversity jurisdiction did not exist where plaintiff sought damages of exactly $50,000.00); cf. Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997) (amount in controversy was not met where plaintiff demanded exactly $75,000.00 to settle case).

The complaint in this case seeks exactly $75,000.00. As a result, the minimum amount in controversy required for diversity jurisdiction is not met because the sum sought does not exceed $75,000.00. See 28 U.S.C. § 1332(a). The references in the petition to plaintiff's expenses incurred in excess of $35,000.00 and in excess of $40,000.00 are not controlling, as the amount of damages prayed for in the petition determines whether the requisite amount in controversy is met, absent any other evidence relevant to the jurisdictional amount, such as demand letters or affidavits.

3

AMCO has not presented any specific facts or evidence – apart from the petition itself – to establish the value of the amount in controversy and support its removal of this action. As discussed above, the petition does not establish that the jurisdictional minimum is met. Further, defendant does not appear to take into account plaintiff's allegation that she has already received $25,000.00 from the other driver, which serves to reduce her damages. Based on the foregoing, the Court concludes that AMCO has failed to establish the requisite jurisdictional minimum by a preponderance of the evidence.

**Conclusion**.

For the foregoing reasons, the Court finds that AMCO has failed to meet its burden to establish that the requisite amount in controversy exists, and concludes that it lacks subject matter jurisdiction over this matter. See 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

An order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of September, 2006.